■ ROBERT GRAVES et al., Appellants, v ROCHESTER GENERAL HOSPITAL et al., Defendants, and M. UGINO, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Special Term erred in granting summary judgment to defendant Rochester General Hospital (Hospital) and dismissing plaintiff's complaint. The complaint alleged that the emergency treatment, surgery and postoperative care provided plaintiff for a compound fracture and dislocation of his right ankle were rendered in a negligent manner.

The Hospital did not establish its entitlement to summary judgment by evidence in admissible form. The attorney's affidavit was not based upon personal knowledge of the facts *(see, Zuckerman v City of New York,* 49 NY2d 557, 563). Although this affidavit refers to various pretrial depositions, the transcripts are not annexed to the affidavit. Thus, there is no factual basis to support the allegations in the affidavit *(see, Mack v Gregory Mem. Hosp.,* 90 AD2d 969; *cf., Alvarez v Prospect Hosp.,* 68 NY2d 320). The Hospital's reliance upon a letter written by a physician who examined plaintiff at the request of defense counsel is misplaced because the letter is not an affidavit *(see,* CPLR 3212 [b]).

Defendant Dr. Ugino established his entitlement to summary judgment by evidence in admissible form consisting of an expert's affidavit and transcripts of pretrial deposition testimony providing a factual basis for the allegations in the attorney's affidavit *(Alvarez v Prospect Hosp., supra,* at 325; *Olan v Farrell Lines,* 64 NY2d 1092, 1093). Plaintiff failed to oppose the motion by evidence in admissible form *(see, Zuckerman v City of New York, supra)* because plaintiff did not identify his expert *(see, Maust v Arseneau,* 116 AD2d 1012). Notwithstanding the contrary assertion in plaintiff's brief on appeal, there is no evidence in the record to indicate that the affidavit from plaintiff's purported expert submitted to Special Term was signed or sworn. The order on appeal refers to "the unsigned affidavit of a physician unnamed" and inserted in the order settling the record, by the Special Term Judge in his own handwriting, is a reference to the expert as "unnamed and unsworn." While a party may utilize the statutory procedure to maintain the confidentiality of its expert *(see,* CPLR 3101 [d] [1] [i]), this does not justify failing to reveal the identity of the expert to the Special Term Judge. (Appeal from

judgment of Supreme Court, Monroe County, Tillman, J.— summary judgment.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.