■ ROBERT GRAVES et al., Appellants, v ROCHESTER GENERAL HOSPITAL, Respondent, et al., Defendants. (Appeal No. 2.)—Order and judgment unanimously reversed on the law without costs and defendant hospital's motion denied. Same memoramdum as in *Graves v Rochester Gen. Hosp.* ([appeal No. 1], 135 AD2d 1130 [decided herewith]). (Appeal from order and judgment of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.

■ JOHN E. CONNOR, Respondent-Appellant, v FIRST SECURITY SERVICES CORP., Doing Business as FIRST SECURITY, et al., Defendants, and XEROX CORPORATION et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special Term erred in failing to dismiss plaintiffs' fifth, six, ninth and tenth causes of action. Plaintiffs' ninth and tenth causes of action assert abusive discharge of an at-will employee without alleging any expressed limitation on defendants' right to terminate. Such a cause of action is not recognized in this State *(Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 297). Further, plaintiffs' fifth and sixth causes of action alleging defamation must be dismissed for failure to set forth "the particular words complained of" (CPLR 3016 [a]; *Goldberg v Sitomer, Sitomer & Porges,* 97 AD2d 114, *affd* 63 NY2d 831, *cert denied* 470 US 1028; *Alanthus Corp. v Travelers Ins. Co.,* 92 AD2d 830, 831). Additionally, at oral argument plaintiffs conceded that their fourth cause of action, to the extent it alleged negligent investigation by Xerox employees, should be dismissed. Special Term, however, correctly sustained plaintiffs' first and second causes of action for intentional infliction of emotional distress, as plaintiffs' allegations, given every favorable inference, raise a question of fact whether defendants' conduct exceeded all reasonable bounds of decency *(Kaminski v United Parcel Serv.,* 120 AD2d 409). Accepting as we must the truth of every allegation of plaintiffs' eighth cause of action sounding in fraud, we find it to be legally sufficient. (Appeal from order of Supreme Court, Monroe County, Mastrella, J.—dismiss cause of action.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.