(December 28, 1987)

■ JOSEPH P. ADAMOWICZ, Individually and as Executor of HELENE ADAMOWICZ, Deceased, et al., Respondents, v CLARIDGE AT PARK PLACE, INC., Doing Business as The CLARIDGE HOTEL AND CASINO, Appellant, et al., Defendants.—In an action to recover damages for wrongful death and conscious

pain and suffering, the defendant the Claridge at Park Place, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated January 7, 1987, as (1) denied those branches of its cross motion which were to dismiss the complaint insofar as it is asserted against it for failure to state a cause of action and/or for summary judgment by reason of there being no triable issue of fact, or in the alternative, by reason of immunity from liability pursuant to New Jersey law, and (2) upon reargument, adhered to its original determinations in two orders of the same court, dated March 12, 1986 and October 21, 1986, respectively, and denied those branches of its cross motion which were to vacate and/or modify the plaintiffs' various demands for discovery.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the cross motion which was for summary judgment dismissing the complaint insofar as it is asserted against the appellant is granted, and the remainder of the cross motion is denied as academic.

On May 23, 1984, after 2:00 P.M., the plaintiffs' decedent, a 68-year-old woman with a history of heart ailments, suffered a cardiac arrest while playing the slot machines in the appellant's casino. In response to a call for assistance, two emergency medical technicians employed by the appellant arrived on the scene and performed cardiopulmonary resuscitation (hereinafter CPR) on the plaintiffs' decedent. An airway was inserted by one of the medics and CPR continued until an ambulance arrived and transported her to the Atlantic City Medical Center. Upon arrival at the hospital, the plaintiffs' decedent was pronounced dead from heart failure.

By a complaint dated May 21, 1985, the plaintiffs (the surviving spouse and children of the deceased) commenced the instant action to recover damages for the wrongful death and conscious pain and suffering of the plaintiffs' decedent. Several conferences were held in the matter resulting in various orders (including the order appealed from) which, *inter alia,* directed the appellant to comply with the numerous demands for disclosure served by the plaintiffs, and denied that branch of the appellant's cross motion which was for summary judgment. Upon review of the record we conclude that summary judgment should have been granted to the appellant in this case, as the plaintiffs have failed to prove the existence of any triable issue of fact.

It is well settled that: "To obtain summary judgment it is

necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' (CPLR 3212, subd [b]). Normally if the opponent is to succeed in defeating a motion for summary judgment motion he, too, must make his showing by producing evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). To this end, mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient *(see, Zuckerman v City of New York,* 49 NY2d 557; *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276).

In the instant case, the order appealed from stated that any application for summary judgment was premature in that discovery had not been completed. Our review of the record, however, reveals no indication that the disclosure sought by the plaintiffs will yield any evidence sufficient to defeat the application.

As asserted by the appellant, there is no duty, either at common law or by statute, rule, or code, imposed upon the appellant to render aid to a sick patron. Thus, any assistance rendered to the decedent was purely voluntary, and, as such, the appellant was held to a standard of "due care", as it is a well-settled principle of New Jersey law that " 'a volunteer must act with due care' " *(Barbarisi v Caruso,* 47 NJ Super 125, 130, 135 A2d 539, 541; *Freddi-Gail, Inc. v Royal Holding Corp.,* 45 NJ Super 471, 133 A2d 362, *cert denied* 25 NJ 56, 134 A2d 833; *Mistretta v Alessi,* 45 NJ Super 176, 131 A2d 891). Accordingly, the only possible theory of liability in this case is that the appellant's emergency medical technicians acted in a negligent manner in their performance of CPR on the decedent.

While most often the determination as to whether reasonable care has been exercised in a particular situation raises a triable issue of fact, in the instant case the parties are in the unique position of having a videotape of the actual events. The appellant's surveillance department, in accordance with casino regulatory requirements, monitors various activities on the casino floor by means of video cameras. Thus, there was a video recording of this incident which is said to have commenced at 14:55.12 (55 minutes, 12 seconds after 2:00 P.M.) on

May 23, 1984, and continued until such time as the deceased was placed in an ambulance outside the casino.

In seeking summary judgment, the appellant submitted the affirmation of one Joseph G. Hayes, a physician, board certified in internal medicine and in cardiology, and Chairman of the Emergency Cardiac Care Committee of the American Heart Association, New York Affiliate, who, after reviewing the videotape and the decedent's hospital record, concluded, with a reasonable degree of medical certainty, that the CPR performed upon the decedent following her heart attack was in accordance with acceptable standards of care and practice. To this end, he stated that "while the patient ultimately expired, it cannot be related to any failure on the part of those providing cardiopulmonary resuscitation". According to Dr. Hayes, the presence of a "normal sinus rhythm" on the electrocardiogram taken at Atlantic City Medical Center "confirms the effectiveness of the CPR performed in this case".

In response to the appellant's application for summary judgment, no substantive opposition was interposed by the plaintiffs beyond the conclusory assertions of counsel that "the plaintiff has shown triable issues of fact". In order to defeat the appellant's application for summary judgment, it was incumbent upon the plaintiffs to lay bare their proofs, and come forth with admissible evidence to refute the proof submitted by the appellant. At the very least, the plaintiffs had an obligation to show, by way of expert opinion, that there was some negligence in the emergency care rendered by the appellant. No such evidence was proffered, and accordingly, the plaintiffs have failed to meet their burden to defeat the motion. Moreover, under the circumstances of this particular case, it does not appear that the disclosure sought by the plaintiffs will yield facts or information to support any of the legal theories asserted by them.

In any event, even assuming, arguendo, that the plaintiffs had established the existence of a triable issue of fact with respect to whether or not the casino's emergency medical technicians acted in a negligent manner in their performance of CPR on the decedent, we find that the appellant is shielded from liability by virtue of the following provisions of the New Jersey Good Samaritan statute: "Any individual, including a person licensed to practice any method of treatment of human ailments * * * or licensed to render services ancillary thereto, who in good faith renders emergency care at the scene of an accident or emergency to the victim or victims thereof, shall not be liable for any civil damages as a result of any acts or

omissions by such person in rendering the emergency care" (NJ Stat Annot § 2A:62A-1).

In view of our finding that summary judgment should be granted to the appellant, the remaining issues raised on this appeal are rendered academic, and need not be addressed here. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.