OPINION OF THE COURT
Stanley L. Sklar, J.
Plaintiffs’ counsel in a medical malpractice case offers a new procedure designed to preserve the confidentiality of the name of plaintiffs’ medical expert while also preserving the plaintiffs’ obligation, in opposing defendant doctor’s summary judgment motion, of submitting a medical affidavit setting forth *350 the claimed departures of the defendant from good and accepted medical practice. Plaintiffs’ counsel served the requisite medical affidavit upon defense counsel, redacting the expert’s name, but exhibited the unredacted original to the court for in camera inspection. This court holds that the procedure is acceptable and utilizes it in this case.
THE LAW
It is well settled that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any genuine material issues of fact from the case. The failure to make such a showing mandates denial of the motion, regardless of the sufficiency of the opposing papers (Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Center, 64 NY2d 851). Once that showing is made, the burden shifts to the party opposing the motion for summary judgment to come forward with evidentiary proof in admissible form to establish the existence of material issues of fact which require a trial (Zuckerman v City of New York, 49 NY2d 557, 562). In a medical malpractice action, the plaintiff opposing a defendant’s summary judgment motion must submit evidentiary facts to rebut the showing of the absence of negligence in treating plaintiff in order to demonstrate the existence of a triable issue of fact. "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician’s summary judgment motion” (Alvarez v Prospect Hosp., supra, at 325).
DISCUSSION
Defendant Dr. Lovejoy’s submissions in support of his motion for summary judgment satisfy the prima facie showing required to establish entitlement to judgment as a matter of law absent rebuttal by plaintiffs. Examination of the attorney’s affirmation, hospital records, defendant’s deposition testimony, and the affidavit of Lovejoy’s medical expert prima facie indicate the absence of material issues of fact regarding plaintiffs’ claims of malpractice. (Alvarez v Prospect Hosp., supra, at 325.)
The burden, accordingly, shifts to plaintiffs, Mr. and Mrs. Rubenstein, to produce rebutting medical evidence in admissi *351 ble form to establish any departure from accepted medical practice (Neuman v Greenstein, 99 AD2d 1018; Pan v Coburn, 95 AD2d 670). The Rubensteins opposed the motion by service upon defense counsel an affirmation from which the name and signature of a physician licensed to practice medicine in New York, who is a diplomat in internal medicine, have been redacted. The affirmation indicates that the failure of Dr. Lovejoy to treat Mr. Rubenstein immediately with epinephrine or, if afraid of that, with an adrenal cortical steroid called Solumedrol, was a departure from accepted medical practice. The expert states that the passage of over one hour from the onset of unresponsiveness and the administration of epinephrine was inordinately long. Plaintiffs’ expert asserts that Rubenstein’s hypotensive state caused impaired cerebral blood flow and anoxic insult resulting in neurological impairment.
Dr. Lovejoy contends that plaintiffs failed to oppose the motion by evidence in admissible form but, rather, served an unsigned affirmation of an unidentified expert and that summary judgment must therefore be granted (see, Slavenburg Corp. v Opus Apparel, 53 NY2d 799; Maust v Arseneau, 116 AD2d 1012). While ordinarily an unsigned affirmation or affidavit of an unnamed expert is not considered evidence of the type required to successfully oppose a motion for summary judgment, plaintiffs sought to remedy any defect by offering for in camera inspection by the court the unredacted original affirmation of the expert. The court viewed the original affirmation in camera and found that it does contain the name of the expert at the top and that it is signed.
Clearly, the substance of the opinion offered by plaintiffs’ expert presents material issues of fact concerning the adequacy of the medical care rendered by Dr. Lovejoy which would mandate denial of summary judgment. The granting of summary judgment in medical malpractice cases is rare where the issue is due care. What degree of care is reasonable ordinarily presents an issue for the trier of fact (Adamowicz v Claridge at Park Place, 135 AD2d 769; cf, Ugarriza v Schmieder, 46 NY2d 471). Therefore, the crucial issue to be determined is whether plaintiff, by submitting a redacted affirmation and by offering the original to the court for in camera inspection, has opposed the motion by evidence in admissible form.
In medical malpractice cases, the identity of a party’s expert is exempt from pretrial disclosure (CPLR 3101 [d] [1] *352 [i]). Obviously, since this motion does not involve disclosure, CPLR 3101 (d) is not dispositive. Nonetheless, after examination of that provision and consideration of the policy reasons leading to its enactment, the court holds that the proper methodology to balance the parties’ competing interests is provided by the in camera procedure utilized herein, which is hereby adopted.
Subdivision (d) of CPLR 3101 is part of the major medical malpractice package of 1985. The general intent of the provision appears to be the expansion of disclosure. Paragraph (1) deals with experts and introduces the general requirement that expert witnesses be identified before trial. The last sentence of paragraph (1) (i) excepts medical, dental or podiatric experts, whose identity can be withheld from pretrial disclosure. The exemption apparently addresses the perceived problem of the exertion of direct or indirect pressure by some physicians to discourage their colleagues from giving expert testimony against them. It is easiest to exert pressure when the expert is identified early in the litigation. Accordingly, the Legislature determined that the name of the expert may be withheld from pretrial disclosure (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:29, 1988 Pocket Part, at 11). Although the same expert disclosure applies in nonmalpractice actions with respect to facts, opinions and qualifications (CPLR 3101 [d] [1] [i]), it has been held that disclosure as to qualifications can be restricted in malpractice actions in order, to prevent identification of a medical witness (Jones v Putnam Hosp. Center, 133 AD2d 447; Pizzi v Muccia, 127 AD2d 338). These considerations are equally compelling on a pretrial motion for summary judgment. The in camera inspection procedure is an extremely practical method to balance a plaintiffs right to protect the identity of his expert from disclosure prior to trial and a defendant’s right to put a plaintiff to the test on the validity of the underlying claim by way of a summary judgment motion. The in camera inspection assures the defendant of the existence of the claimed expert.
Accordingly, Dr. Lovejoy’s motion for summary judgment is denied.
[This decision has been edited for publication.]