OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned medical malpractice action, defendant Albany Medical Center Hospital moves for summary *694 judgment pursuant to CPLR 3212, dismissing all claims and cross claims against it. Upon the return of the motion, a procedural issue has been raised which must be determined prior to addressing the merits of the application.
In opposition to the motion, counsel for plaintiff has submitted his expert’s affidavit for consideration by the court in camera. He asserts that same is not subject to disclosure, and as such, has not been provided to opposing counsel.
In a recently published opinion, a procedure was adopted for summary judgment motions in medical malpractice cases which authorizes submission of an expert’s medical affidavit for in camera inspection with service upon opposing counsel of a version which redacts the expert’s name (see, Rubenstein v Columbia Presbyt. Med. Center, 139 Misc 2d 349). For the reasons hereinafter set forth, this court does not concur.
CPLR 3101 (d) (1) (i) provides that in medical malpractice cases, the identity of a party’s expert is exempt from pretrial disclosure. Of critical significance upon the issue before the court is the distinction between pretrial disclosure and a motion for summary judgment. A motion for summary judgment "is the procedural equivalent of a trial.” (Falk v Goodman, 7 NY2d 87, 91.) When making such a motion, "the initial burden is on the movant to make a prima facie showing, by submission of competent evidence, of entitlement to judgment as a matter of law”. (Amedure v Standard Furniture Co., 125 AD2d 170, 172.) Conversely, a party has no such burden when seeking pretrial disclosure. The right thereto is statutory. Such requests are to be broadly construed and encouraged (Allen v Crowell-Collier Publ. Co., 21 NY2d 403).
With respect to a motion for summary judgment, it is only after movant has met its initial burden that an opponent has any affirmative obligation with respect thereto. However, when the movant has met its threshold burden, regardless of whether the cause of action sounds in medical malpractice, strict products liability, traditional tort or other ground, affirmative proof in admissible form must be offered to raise an issue for the trier of fact (Vermette v Kenworth Truck Co., 68 NY2d 714, 717). At that juncture, rules concerning pretrial disclosure are inapplicable. As aforesaid, such a motion is, procedurally, duplicative of an actual trial. The sanctioning of the procedural gymnastics envisioned by Rubenstein (supra) would be the equivalent to allowing plaintiff’s expert to testify from behind a screen at trial. Such a procedure does nothing *695 to advance the truth-determining function of our system of jurisprudence, nor is it authorized by statute.
Counsel for plaintiff shall be afforded an additional 10 days to serve copies of his expert’s affidavit upon opposing counsel. Thereafter, movant shall have an additional 10 days in which to serve its reply with respect thereto.