*23 OPINION OF THE COURT
Stanley L. Sklar, J.
The principal issue presented is whether the in camera procedure established in Rubenstein v Columbia Presbyt. Med. Center (139 Misc 2d 349 [Sup Ct, NY County 1988]) for inspection of an original expert’s affidavit of merits submitted in opposition to defendants’ summary judgment motion where the defendants were provided solely with a copy with the expert’s name redacted applies to an application to serve a late notice of medical malpractice action. Since the rationale for permitting in camera inspection on a summary judgment motion equally applies to an application for leave to serve a late notice of medical malpractice action, I hold that the procedure is permissible.
Rebecca Bonelli commenced this action against S. Frank Redo, M.D., and New York Hospital on behalf of herself and her child, Jamie, in April 1988.
The complaint alleges in pertinent part that Dr. Redo and New York Hospital failed to properly and timely diagnose Jamie Bonelli’s surgical appendix thereby causing rupture and severe sepsis. Both defendants served their answers on April 25, 1988.
Defendants now move to dismiss the action because Bonelli has failed to serve a notice of medical malpractice action.[1] (See, Tewari v Tsoutsouras, 140 AD2d 104 [2d Dept 1988].) Bonelli cross-moves for leave to serve a late notice of medical malpractice action.
NOTICE OF MEDICAL MALPRACTICE ACTION
In response to defendants’ motion to dismiss for failure to file a notice of medical malpractice action Bonelli sought leave to serve a late notice stating that the lack of service was due to "failure by counsel”, and that defendants have suffered no prejudice.
On oral argument counsel added that he was the attorney *24 at his office responsible for the case and that his failure to timely serve the notice was in large measure due to the fact that he had been "mugged”, an incident which resulted in his having to have his jaw wired for several weeks and which led to his hospitalization.
In addition, Bonelli provided the defendants with a redacted copy of a physician’s affidavit of merit. Bonelli gave the court the original unredacted affidavit, which contained the physician’s name and signature, for in camera inspection. On oral argument Bonelli’s attorney stated that he did not wish to reveal the physician’s identity because it was his current intention to use that physician as his trial expert. Defendants objected, urging that there is no authority for such procedure. Defendants also claimed that the affidavit is substantively inadequate. On oral argument Bonelli’s attorney stated that if this court believed defendants’ position was correct he would willingly turn over the original affidavit to defense counsel rather than prejudice his client’s case. For the following reasons the court holds that Bonelli need not furnish defendants with the unredacted affidavit.
This court in another medical malpractice case recently held that service of a redacted expert’s affidavit of merit, which was otherwise adequate, upon the defendant was sufficient to resist defendant’s summary judgment motion where the original unredacted affidavit was provided to the court for in camera inspection. (Rubenstein v Columbia Presbyt. Med. Center, 139 Misc 2d 349 [Sup Ct, NY County 1988], supra.)
My holding in Rubenstein was based on the fact that the policy behind the enactment of CPLR 3101 (d) (1) (i), which exempts from pretrial disclosure the identity of a party’s expert in a medical malpractice action, namely, to address "the perceived problem of the exertion of direct or indirect pressure by some physicians to discourage their colleagues from giving expert testimony against them” (Rubenstein v Columbia Presbyt. Med. Center, supra, at 352), is applicable to experts’ affidavits prepared in opposing summary judgment motions. That policy is equally fostered when an affidavit of merit is offered in conjunction with an application for leave to file a late notice of medical malpractice action. The true question on both applications is whether a sufficient showing of merit has been made, not whether the name of an expert *25 has been furnished.[2] Thus the in camera procedure is acceptable.
Dr. Redo and the hospital also assert that the affidavit is substantively inadequate — that an insufficient showing of merit has been made with respect to each of them. While the affidavit is less than perfect in separately delinéating the departures of each defendant, and in establishing how each of such departures proximately caused Jamie Bonelli’s injuries, I believe that a fair reading of the affidavit makes a sufficient showing of merit as to each defendant.
Specifically, the affidavit recites that prior to Jamie Bonelli’s admission to New York Hospital she was examined and treated by Dr. Redo, at which time Jamie displayed classic symptoms of appendicitis, an illness which occurs more frequently in very young patients, namely, sudden pain on the right side of the abdomen, fever, nausea, vomiting and pain and soreness on pressure. Jamie was then admitted to New York Hospital where she again, according to her expert, presented these classic signs. The affidavit then asserts that because "of these negligent acts, i.e. [the] failure to timely diagnose and treat” Jamie’s surgical appendix, it ruptured nine days after her admission to the hospital, sepsis set in, and a protracted hospital stay and posthospital costs ensued.
This affidavit adequately alleges that each defendant was negligent in failing to timely diagnose Jamie’s surgical appendix despite the presence of "classic” signs and symptoms, and that these departures caused the rupture and infection of her appendix.
Moreover, the hospital record submitted by defense counsel does not necessarily negate the asserted merits of plaintiffs’ claim. Rather, the record can be read as suggesting that New York Hospital failed to timely and properly diagnose Jamie’s *26 condition. For example, the 2:15 a.m. entry for November 30, 1987 lists as a diagnosis "Chicken Pox.” It then recites "R/O (Rule Out) Appendicitis.” Four days later (Dec. 4, 1987, 10:55 a.m.) Jamie was diagnosed as having probable viral gastroenteritis. The hospital evidently ruled out appendicitis. Not until three days later did the hospital record indicate that Jamie’s symptoms (at that time) were "consistent [with] probable acute appendicitis” (see, Dec. 7, 1987 entry of Dr. Redo). While the December 7 entry does indicate that the abdominal examination of that day "had changed dramatically” and may constitute defendants’ defense, i.e., that a reasonably prudent physician or hospital would not have diagnosed Jamie’s surgical appendix until December 7 when her condition allegedly changed dramatically, this merely presents an issue of fact for the jury and does not vitiate plaintiffs’ showing of merit.
Accordingly, because no prejudice has been demonstrated, because the court deems plaintiffs’ excuse reasonable, and because an adequate showing of merit has been made both procedurally and substantively this court, consistent with the policy of favoring adjudication of actions on their merits, "excuses Bonelli’s default, denies defendants’ motion to dismiss, and grants Bonelli’s cross motion for leave to serve a late notice of medical malpractice action, which shall be served within 15' days.
Counsel are directed to appear for conference in courtroom 212 on June 22, 1989 at 9:30 a.m.

. On oral argument counsel for defendants informed the court that their motion was limited to the plaintiffs’ failure to serve a notice of medical malpractice action. Thus, any reference by defendants to plaintiffs’ failures to adequately respond to their demand (a copy of which defendants have failed to provide) for a bill of particulars, to provide them with a further bill, and to respond to defendants’ demand for witnesses is irrelevant on this application. In addition, plaintiffs argued that the Tewari rationale (Tewari v Tsoutsouras, 140 AD2d 104) is inapplicable because some disclosure steps have been taken in this case.

. There are other instances in the law in which a name need not be furnished to a party, and an in camera verification by the court is deemed adequate. This is true even in criminal cases in which the constitutional rights of the defendant are implicated. Thus, for example, it was held in People v Goggins (34 NY2d 163 [1974]) that an informant need not be produced absent a showing as to the necessity for his production. In instances such as this case, where the law requires an expert’s affidavit of merit, the existence of the physician is verifiable by the in camera submission. The expert here in his affidavit asserts that he is a physician and the court has found that he is so listed in the telephone directory. Whether or not the substantive assertions of his affidavit are well founded is not an issue for resolution now, but must await consideration by the trier of the facts.