■ DONNA J. ZUCK, as Executrix of MILDRED ZUCK, Deceased, et al., Respondents, v MICHAEL SIERP, Defendant, and ST. JOHN'S RIVERSIDE HOSPITAL, Appellant.—In an action to recover damages for personal injuries based on medical malpractice, etc., the defendant St. John's Riverside Hospital appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered July 18, 1989, as granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint asserting a cause of action to recover damages for wrongful death as against the appellant.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1981, Mildred Zuck, the decedent, was a patient at St. John's Riverside Hospital (hereinafter the hospital) and underwent surgery to remove her entire cancerous left ureter. The defendant Michael Sierp, the decedent's private attending physician, performed the operation. This malpractice action was commenced in February 1988 based, in pertinent part, on the claim that a section of the ureter containing a neoplasm was allegedly not removed and the cancer later returned. Following Mildred Zuck's death in February 1989, the plaintiffs moved, *inter alia,* for leave to serve an amended complaint asserting a cause of action to recover damages for

wrongful death as against the hospital, which branch of the motion was granted.

The plaintiffs adequately established that the underlying acts that constituted the cause of action to recover damages for medical malpractice ultimately resulted in the death of the decedent *(cf., Liebman v Newhouse,* 122 AD2d 252; *Shapiro v Beer,* 121 AD2d 528). We reject the hospital's claim that at this stage in the lawsuit, the plaintiffs were required to establish the specific acts of malpractice on the part of the hospital which resulted in the decedent's death. Although the decedent's private attending physician performed the actual surgery, the hospital's staff and facilities aided in the operation and the plaintiffs' bill of particulars addressed the hospital's involvement. To require a more detailed showing regarding the hospital's negligence would impose upon the plaintiffs a burden of proof associated with summary judgment without affording the plaintiffs full discovery on the issue *(see, Vastola v Maer,* 48 AD2d 561, *affd* 39 NY2d 1019; *see also, Brusco v St Clare's Hosp. & Health Center,* 128 AD2d 390, 391).

The hospital also challenges the service on their counsel, in support of their application for leave to serve an amended complaint, of a copy of the plaintiffs' medical expert's affirmation with the expert's name and signature redacted. An unredacted copy was submitted to the Supreme Court for an in camera inspection. We find that this procedure preserved the confidentiality of the expert's identity, consistent with CPLR 3101 (d) (1) (i), while permitting the plaintiffs to meet their burden of establishing by competent evidence the causal relationship between the malpractice and the decedent's death *(see, Graves v Rochester Gen. Hosp.,* 135 AD2d 1130). We express no view on the appropriateness of this procedure with regard to any other type of motion which may require an affidavit of merit from an expert. Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.