■ NICHOLAS CELENTANO, Individually and as Administrator of the Estate of THERESA CELENTANO, Deceased, Respondent, v ST. LUKE'S ROOSEVELT HOSPITAL MEDICAL CENTER et al., Defendants, and J. PARK et al., Appellants.—Order, Supreme Court, Bronx County (Barry Salman, J.), dated April 9, 1990, which denied the motions by defendants J. Park, M.D., Byung Yang Kim, M.D., and Byung Yang Kim, M.D., P. C. for summary judgment , unanimously affirmed, without costs.

Plaintiff's decedent, Theresa Celentano, underwent a gastroplasty (stomach stapling) operation performed by the defendant Dr. Kral. Defendant Dr. Park administered anesthesia to the patient under the supervision of defendant Dr. Kim. On the day after the operation, the patient developed a fever, followed by sepsis and organ failure. An exploratory operation revealed a perforation of the patient's intraabdominal esophagus, which was repaired, but the patient's condition declined and she expired several days thereafter.

Dr. Kim and Dr. Park moved and cross-moved, respectively, for summary judgment on the ground that no issue of fact existed as to whether the intubation of the patient performed in connection with the administration of anesthesia caused

the injury. The movants submitted their own EBT testimony and hospital records to the effect that the intubation procedure was uneventful and affidavits from two experts asserting that the plaintiff's decedent's injury was not caused by the administration of anesthesia.

Plaintiff opposed the motions with the affidavit of a surgeon, whose name was redacted, asserting that the injury could only have been caused by an improperly administered esophageal intubation or a surgical mishap, either of which would constitute a departure from accepted standards of medical care prevailing at the time of the operation. In reply, Dr. Kim's expert asserted that the endotracheal tube used during the operation was not long enough to cause a perforation in the intraabdominal esophagus.

We agree with the Supreme Court's determination that an issue of fact is presented by the conflicting affidavits. The motion papers do not indicate the length of the endotracheal tube used during the operation, or the precise locus of the injury, sufficient to conclude that plaintiff's decedent's injury was not caused by the intubation.

Defendants urge that the affidavit of plaintiff's expert, with his or her name deleted, did not constitute evidence in admissible form, and was thus insufficient to raise an issue of fact (compare, Rubenstein v Columbia Presbyt. Med. Center, 139 Misc 2d 349, with Nandy v Albany Med. Center Hosp., 140 Misc 2d 693). This issue was not raised below, and accordingly it has been waived. Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.