OPINION OF THE COURT
Nicholas A. Clemente, J.
This is a motion by defendant Interfaith Medical Center for an order precluding plaintiff from presenting at trial any medical evidence contained in the report of plaintiff’s expert. *158 Defendant alternatively moves for an order disclosing the name of this physician who also examined plaintiff and submitted a report.
Defendant in support of its motion, contends that pursuant to the Uniform Rules for Trial Courts (22 NYCRR) § 202.17 (b) (1); (c) and (g), it is entitled to either know the physician’s name or preclude plaintiff because of the failure to supply same.
It is uncontested that the defendant is entitled to the report. The only issue is whether the report requires the inclusion of the name of the physician who, uniquely, is both the examining physician as well as the expert witness.
CPLR 3101 (d) (1) (i) permits discovery of an expert’s qualifications, the subject matter of testimony, the substance of facts and opinions on which the expert will testify. At the same time, it allows a party to protect an expert’s identity from disclosure in an action for medical, dental or podiatric malpractice. In fact, confidentiality has been perceived as of such paramount importance that where the identity of an expert might be ascertained from his qualifications then further redaction has been permitted. Thus where an expert’s opinion or qualifications might reveal his identity, the report has been redacted (Zuck v Sierp, 169 AD2d 717; Rosario v General Motors Corp., 148 AD2d 108; Calo v Ahearn, 135 AD2d 457; Wallace v Benedictine Hosp., 124 AD2d 433).
The Court in Zuck v Sierp (supra) went so far as to allow the name and signature of an expert witness to be redacted on an affidavit of merit. The Court found that, "this procedure preserved the confidentiality of the expert’s identity consistent with CPLR 3101 (d) (1) (i), while permitting the plaintiffs to meet their burden of establishing by competent evidence the causal relationship between the malpractice and the decedent’s death (see, Graves v Rochester Gen. Hosp., 135 AD2d 1130).” (Supra, at 718.)
As against this strong statutory predisposition towards secrecy is the equally strong court rule requiring disclosure of an examining physician’s identity. Nevertheless, we may not measure the strength of the principles but rather their source. When viewed in this light, it is apparent that statute must prevail over Uniform Court Rule.
*159 Therefore, the confidentiality of an expert must be protected despite it resulting in the nondisclosure of the identity of an examining physician, when fortuitous or otherwise, that person is one and the same.
Accordingly, defendant’s motion is denied.