■ PULSAFEEDER, INC., Appellant, v GEORGE W. GREENE, Individually and Doing Business as GREENE SOFTWARE and Another, Respondent. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: From 1982 until his termination in 1988, defendant George Greene was an at-will employee of plaintiff. In his answer to plaintiff's complaint alleging violation of his confidentiality and employment agreements and breach of his fiduciary duty, Greene asserted eight affirmative defenses and 11 counterclaims. Plaintiff moved to dismiss those defenses and counterclaims as deficient as a matter of law *(see,* CPLR 3211 [a] [7]; [b]). Supreme Court dismissed the tenth counterclaim but otherwise denied plaintiff's cross motion. Plaintiff appeals. We modify by dismissing Greene's second, fourth and fifth affirmative defenses and first, second, third, fifth, eighth and eleventh counterclaims.

Giving Greene the benefit of every reasonable inference and construing his pleadings liberally, we conclude that his second, fourth and fifth affirmative defenses, which allege, respectively, that his employment contract was a contract of adhesion, that the contract fails for lack of consideration and that there is no privity between the parties, fail to state meritorious defenses and should be dismissed. The relationship between Greene and plaintiff was a typical employee-employer relationship in which Greene was compensated for his employment, and his employment contract recited sufficient consideration. There is no allegation that Greene was coerced into the terms of his employment. The fact that Greene was originally employed by plaintiff's predecessor corporation does not result in lack of privity between the parties *(see,* Business Corporation Law § 905).

In his first counterclaim, Greene contends that he is entitled to recover an unpaid bonus pursuant to Labor Law § 191-c. That statute, however, protects commissioned salesmen, and the counterclaim does not allege that Greene was a commissioned salesman. Thus, the first counterclaim does not state a claim for recovery under the statute and should be dismissed.

Greene's second, third and fifth counterclaims also should be dismissed. The second and third counterclaims allege that

Greene was wrongfully discharged. As an employee at will, however, Greene has no cognizable tort claim for wrongful discharge (see, *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 297, 300-302; *Connor v First Sec. Servs. Corp.*, 135 AD2d 1131). The fifth counterclaim alleges that Greene's termination caused him to libel himself. It should be dismissed because, although it purports to be a libel claim, it is no more than a creatively worded wrongful discharge claim.

No appeal was taken from the ruling with respect to the sixth counterclaim, sounding in libel. Although unartfully pleaded, Greene's seventh counterclaim, which alleges slander, should not be dismissed. Greene's eighth counterclaim for defamation, however, should be dismissed because it is redundant.

Finally, Greene's eleventh counterclaim, which alleges that plaintiff committed a prima facie tort by instituting and continuing this action, should be dismissed because Greene has not alleged that plaintiff's sole motivation in prosecuting this action is malevolence (see, *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333; *Christopher Lisa Matthew Policano, Inc. v North Am. Precis Syndicate*, 129 AD2d 488, 489-490).

We have examined the other contentions raised by plaintiff and find them to be without merit. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.