■ FLORENCE E. MCCARTY, as Administratrix of the Estate of EDWARD MCCARTY, Deceased, Appellant, v COMMUNITY HOSPITAL OF GLEN COVE et al., Defendants, and MARY C. GILROY, Respondent. [610 NYS2d 588] —In an action to recover damages for wrongful death arising out of alleged medical malpractice, the plaintiff appeals from an order of the Su-

preme Court, Nassau County (Roncallo, J.), dated February 11, 1992, which granted the motion of the defendant Mary C. Gilroy for summary judgment unless, within 30 days, the plaintiff disclosed to all parties the name of her medical expert which had been redacted from the expert's affirmation in opposition to the motion.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further consideration of the motion of the defendant Mary C. Gilroy for summary judgment.

The plaintiff commenced this wrongful death action in 1985, alleging that her husband's death resulted from the defendants' medical malpractice. The defendant Mary C. Gilroy subsequently made a motion for summary judgment supported by an expert's affidavit. In opposition to the motion, the plaintiff submitted her expert's affirmation with the expert's name and signature redacted. The plaintiff offered an unredacted affirmation for in camera review. The Supreme Court granted the motion unless, within 30 days, the plaintiff disclosed the name of her expert to all parties, at which time the court would then further consider the motion for summary judgment. We reverse.

The court should not have required the plaintiff to reveal the name of her expert to all parties before it would fully consider the merits of her opposition to the defendant's motion. In camera review preserves the confidentiality of the expert's identity, consistent with the philosophy underlying CPLR 3101 (d) (1) (i), while permitting a plaintiff to meet his or her burden of demonstrating the existence of triable issues of fact *(see, Zuck v Sierp,* 169 AD2d 717, 718; *Graves v Rochester Gen. Hosp.,* 135 AD2d 1130). The use of such a procedure on a motion for summary judgment strikes an appropriate balance between the plaintiff's right to withhold the identity of an expert prior to trial and the defendant's interest in testing the validity of the plaintiff's cause of action and assuring that an expert exists *(see, Rubenstein v Columbia Presbyt. Med. Ctr.,* 139 Misc 2d 349, 352; *but see, Nandy v Albany Med. Ctr. Hosp.,* 140 Misc 2d 693). Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.