■ SHARON GAMBLES et al., Appellants, v JOSEPH E. DAVIS, M.D., Defendant, and CABRINI MEDICAL CENTER, Respondent. [820 NYS2d 18]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered January 7, 2005, which denied plaintiffs' motion to amend the complaint to assert a cause of action for wrongful death, reversed, on the law and the facts, without costs, and the motion granted.

The decedent was treated regularly by defendants from June 5, 2000 until September 2001. She had blood in her urine, and other related conditions. Defendant, Dr. Davis, performed several unspecified surgeries on her, and prescribed medication to

treat her symptoms. However, the decedent continued to have pain and bleeding. Plaintiffs allege that in September 2001, at decedent's request, defendant Davis performed a biopsy. The decedent was thereafter diagnosed with stage IV urethral cancer. In August 2003, after unsuccessful chemotherapy and radiation, plaintiff died.

In May 2003, the decedent instituted this action for medical malpractice. Due to her grim prognosis, her attorneys obtained a court order to take her prediscovery videotaped deposition. No other discovery has taken place.

In April 2004, the parties stipulated to amend the caption to reflect the former plaintiff's death, and to substitute her daughters, coadministrators of their mother's estate, as plaintiffs. Plaintiffs' counsel subsequently moved to amend the complaint to assert a cause of action for wrongful death. The motion was denied with leave to renew upon "service of a proper, more detailed affirmation of merit by plaintiffs' expert physician." Plaintiffs made the renewed motion. In support, they submitted the sworn affirmation of a doctor who was board certified in internal medicine with a subspecialty in medical oncology and hematology. This expert reviewed the hospital records available to plaintiffs and opined that:

"The Cabrini Medical Center records reflect that Ms. Gambles was diagnosed with Stage IV Urethral Cancer on September 25, 2001. It is my opinion to a reasonable degree of medical certainty that Ms. Gambles death on August 6, 2003 was due to the Urethral Cancer as alleged in the originally pleaded cause of action for medical malpractice."

"It is my opinion to a reasonable degree of medical certainty that the alleged failure to diagnose Urethral Cancer was causally connected to the plaintiffs' decedent's death. It is further my opinion that if the defendants timely and properly diagnosed Ms. Gambles' cancer, she would have required less extensive treatment and she would have had a significantly better survival rate."

The IAS court denied the motion to amend the complaint. We would reverse and permit the amendment.

CPLR 3025 (b) governs permissive leave to amend a pleading, and it states that leave: "shall be freely given upon such terms as may be just including the granting of costs and continuances." To support the amendment sought here, plaintiff was required to submit "competent medical proof of the causal connection between the alleged malpractice and the death of the original plaintiff" (*McGuire v Small*, 129 AD2d 429 [1987]).

Plaintiffs' expert affirmation met the requirement as articu-

lated in *McGuire*. It laid out with exactitude that the same departures supporting decedent's claims for medical malpractice precipitated her untimely death (*Layz v City of New York*, 205 AD2d 460 [1994]; *see also Casalone v Presbyterian Hosp. of City of N.Y.*, 276 AD2d 452 [2000]). Moreover, this case is in the early stages of pretrial discovery, and plaintiffs have not yet been afforded access to certain evidence necessary to prove their allegations of malpractice.

Accordingly, "[t]o require a more detailed showing regarding the hospital's negligence would impose upon the plaintiffs a burden of proof associated with summary judgment without affording the plaintiffs full discovery on the issue" (*Zuck v Sierp*, 169 AD2d 717, 718 [1991] [citations omitted]).

The dissent attempts to distinguish *Zuck* upon its facts. However, we find that although this case is in the early stages of discovery, a sufficient basis for the proposed amendment exists. According to decedent's videotaped deposition, she specifically recounted undergoing several surgeries. She also claimed that she had to request that a biopsy be performed before her cancer was diagnosed. That the details of the alleged negligence have not yet been fully explored should not preclude an amendment of the complaint. The departures from the proper standard of care in over a year of treatment for cervical cancer symptoms and complaints supporting the claims of medical malpractice are the same acts and omissions which led to decedent's death.

Finally, there is no evidence that defendants would be prejudiced by the proposed amendment, which does not substantially expand the decedent's original complaint (*see Smith v Haggerty*, 16 AD3d 967 [2005]). Concur—Mazzarelli, J.P., Saxe and Sweeny, JJ.

Friedman and Sullivan, JJ., dissent in a memorandum by Sullivan, J., as follows: In my view, Supreme Court's denial of leave to amend to add a cause of action for wrongful death was correct. The expert affirmation submitted by plaintiffs states, without any express references to the medical records that the expert says were reviewed, only that the decedent "would have required less extensive treatment and she would have had a significantly better survival rate" if defendants had "timely and properly diagnosed" her cancer. This conclusory statement, bereft of evidentiary support, fails to satisfy the requirement of proof which includes a statement of the acts and omissions that deviated from accepted medical practice and that such departures were the proximate cause of the decedent's death (*see Paolano v Southside Hosp.*, 3 AD3d 524 [2004]; *Layz v City of*

*New York*, 205 AD2d 460 [1994]; *McGuire v Small*, 129 AD2d 429 [1987]). Even though there was no affidavit or affirmation from a physician in *McGuire,* where the court denied leave to amend, the patently insufficient affirmation here renders the two cases virtually indistinguishable. Other than the expert's affirmation's bare reference to the "alleged failure to diagnose" decedent's cancer, which can hardly be considered "competent medical proof" (*see McGuire, supra; see also Paolano, supra*), there is no mention of any acts or omissions on the part of either the physician or the hospital that contributed to decedent's death.*

The majority ignores the requirement of a causal connection between the alleged malpractice and the decedent's death by asserting that to require plaintiff to make a more detailed showing of defendant hospital's negligence would impose a "burden of proof associated with summary judgment without affording the plaintiffs full discovery on the issue" (*Zuck v Sierp*, 169 AD2d 717, 718 [1991]). *Zuck* does not support the majority's position since in that case the "hospital's staff and facilities aided in the operation" (*id.* at 718) upon which the malpractice claim was based. In contrast, here, the malpractice claim is premised on a failure to diagnose, as to which there is no proof of the hospital's involvement.

---

* Since plaintiffs have failed to meet their burden on this motion, defendant physician's failure to oppose it does not warrant a different result.