*427 Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 10, 2012, which granted plaintiffs’ motion to amend their claim for medical malpractice and to add a claim for lack of Informed consent, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered February 4, 2013, which denied defendants’ motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiffs failed to proffer an expert medical affidavit of merit in support of their proposed claim for medical malpractice, which stemmed from a prior surgery separate and distinct from the one originally pleaded (see e.g. Lopez v City of New York, 80 AD3d 432, 433 [1st Dept 2011]; compare Gambles v Davis, 32 AD3d 224, 225 [1st Dept 2006]).
In any event, the proposed amendments are untimely. Although the court sua sponte determined that the continuous treatment doctrine applied to the medical malpractice claim, the record contains no evidence, such as medical records or an affidavit attesting to dates of treatment, that would support such a finding. Further, the continuous treatment doctrine cannot apply to the derivative claim of plaintiff husband (see Otero v Presbyterian Hosp. in City of N.Y., 240 AD2d 279 [1st Dept 1997]). Nor did the proposed claim of lack of informed consent relate back to the original claim for medical malpractice (see Raymond v Ryken, 98 AD3d 1265 [4th Dept 2012]; Pagan v Quinn, 51 AD3d 1299, 1301 [3d Dept 2008]; Jolly v Russell, 203 AD2d 527, 529 [2d Dept 1994]).
Concur—Tom, J.E, Andrias, Freedman and Clark, JJ.