Frangiadakis v 51 W. 81st St. Corp. (2018 NY Slip Op 03331)





Frangiadakis v 51 W. 81st St. Corp.


2018 NY Slip Op 03331


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P. Renwick, Mazzarelli, Gesmer, Singh, JJ.


6496N 150538/14

[*1] Anastasia Frangiadakis, as Administratrix of the Estate of Constantine Bazas, Deceased, et al., Plaintiffs-Respondents,
v
51 West 81st Street Corp., et al., Defendants-Appellants, Midboro Management Inc., et al., Defendants. [And Third-Party Actions]


Mauro Lilling Naparty, LLP, Woodbury (Matthew W. Naparty of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo P.C., New York (Stephen C. Glasser of counsel), for respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered August 29, 2017, which granted plaintiffs' motion to amend the complaint to add a cause of action for wrongful death, unanimously affirmed, without costs.
The motion court properly granted plaintiffs' motion to amend the complaint to include a cause of action for wrongful death. CPLR 3025(b) governs permissive leave to amend a pleading, and it states that leave "shall be freely given upon such terms as may be just including the granting of costs and continuances." Further, as we have stated, to support amending a personal injury complaint to add a cause of action for wrongful death, plaintiffs were required to submit "competent medical proof of the causal connection between the alleged malpractice and the death of the original plaintiff" (Gambles v Davis, 32 AD3d 224, 225 [1st Dept 2006]). The affirmation of plaintiffs' expert, which stated that to a reasonable degree of medical certainty the decedent's injury led to his death, was sufficient, for the purposes of CPLR 3025(b), to establish a causal connection between the decedent's death and the originally alleged negligence by defendants (see Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366 [1st Dept 2007]; see also Matter of Tobin v Steisel, 64 NY2d 254, 259 [1985]). Plaintiff's submission of the expert's affirmation on reply is not fatal to the motion, because defendant was permitted to submit a surreply.
We have considered and rejected defendants' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK