Kisielewska v City of New York (2022 NY Slip Op 07502)

Kisielewska v City of New York

2022 NY Slip Op 07502

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Index No. 805657/15 Appeal No. 17008 Case No. 2021-03963 

[*1]Maria Kisielewska, Plaintiff-Appellant,
v
The City Of New York, Defendant, The New York City Health And Hospitals Corporation, Defendant-Respondent.

Robert J. Epstein, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent

Order, Supreme Court, New York County (George J. Silver, J.), entered September 22, 2021, which granted defendant New York City Health and Hospitals Corporation's motion to strike the new theory of liability as related to a second surgery contained in plaintiff's supplemental bill of particulars, unanimously affirmed, without costs.
The court correctly struck from plaintiff's supplemental bill of particulars the medical malpractice claim that was based on defendant's performance of a second knee surgery, as it raised a new cause of action not pleaded in the complaint (see Napolitano v Gustavson, 190 AD3d 530, 530-531 [1st Dept 2021]; Greenwood v Whitney Museum of Am. Art, 161 AD3d 425, 426 [1st Dept 2018]). The complaint alleged malpractice with respect to only the prior knee surgery, and the claim arising from the first surgery, that the meniscectomy was improperly performed, was separate and distinct from that arising from the second surgery, that an incorrectly sized implant was used during the knee replacement. Moreover, the newly asserted claim was properly stricken because it was not set forth in the notice of claim (see Fleming v City of New York, 89 AD3d 405, 405 [1st Dept 2011]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022