Perez v New York City Health & Hosps. Corp. (2024 NY Slip Op 02262)

Perez v New York City Health & Hosps. Corp.

2024 NY Slip Op 02262

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 308860/10 Appeal No. 2144-2145 Case No. 2023-02470 2023-02844 

[*1]Maria Perez, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, et al., Defendants-Respondents. 

Law Offices of K.C. Okoli, P.C., New York (K.C. Okoli of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (MacKenzie Fillow of counsel), for New York City Health and Hospital Corporation and Evelyn Irizarry, M.D., respondents.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliot J. Zucker of counsel), for St. Luke's-Roosevelt Hospital, Madison Surgical Associates, P.C. and Mitchell A. Bernstein, M.D., respondents.

Orders, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about January 19, 2023 and June 6, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to amend the bills of particulars, and denied plaintiff's motion for leave to amend the complaint and to renew the motion for leave to amend the bills of particulars, unanimously affirmed, without costs.
In this medical malpractice action commenced in 2010, the motion court providently denied plaintiff's motion for leave to amend the bills of particulars (see Stovall v Lenox Hill Hosp., 200 AD3d 570, 571 [1st Dept 2021]). Plaintiff was required to proffer a reasonable excuse for her delay, even though a note of issue had not been filed (see Pecora v Pecora, 204 AD3d 611, 612 [1st Dept 2022]). Plaintiff's excuse that she only learned of the new claims after the parties' depositions was not reasonable, as she had the medical records which should have apprised her of the claims (see Frye v Montefiore Med. Ctr., 100 AD3d 28, 39 [1st Dept 2012]).
Defendants established that they would be prejudiced by the late amendment, as they had already expended large sums of money defending the action as pleaded (see Biondi v Behrman, 149 AD3d 562, 564 [1st Dept 2017], lv dismissed and denied 30 NY3d 1012 [2017]). They would also be prejudiced because discovery on the original claims had been closed, a date for filing the note of issue had been set, and plaintiff sought to assert the new claims more than a decade after filing the original complaint (see Jaliman v D.H. Blair & Co. Inc., 105 AD3d 646, 647 [1st Dept 2013]).
Moreover, the newly asserted claims against defendants New York City Health and Hospitals Corporation and Evelyn Irizarry, M.D., are precluded because they were not set forth in the notice of claim, which cannot be amended at this late date (see Kisielewska v City of New York, 211 AD3d 637, 637-638 [1st Dept 2022]). Although these defendants did not raise this argument before the motion court, we may consider it because "it presents an issue of law that appears on the face of the record, and could not have been avoided had it been raised at the proper juncture" (I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d 962, 963 [2d Dept 2019] [internal quotation marks omitted]).
The motion court providently denied plaintiff's motion to amend the complaint for the same reasons. Furthermore, plaintiff's proposed amendment to the complaint to add a claim for lack of informed consent against defendants St. Luke's-Roosevelt Hospital, Madison Surgical Associates, P.C., and Mitchell A. Bernstein, M.D. was properly denied as time-barred, and therefore palpably lacking in merit (see Pecora, 204 AD3d at 612). The proposed claim of lack of informed consent does not relate back to the filing of the original claim for medical malpractice (see Torchia v Garvey, 118 AD3d 426, 427 [1st Dept 2014]).
The motion court providently denied plaintiff's motion to [*2]renew her motion to amend the bills of particulars. Plaintiff offered neither new facts that were unavailable to her at the time of her motion to amend the bills of particulars, nor a reasonable justification for failing to present those facts in connection with the prior motion (see Matter of Duval v Centerlight Health Sys., Inc., 216 AD3d 529, 530 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024