■ CHRISTOPHER WAGNER, Appellant, v KINGSTON HOSPITAL, Defendant, and MARY T. GODESKY, M.D., P. C., et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated November 20, 1991, which granted the motion of the defendants Mary T. Godesky, M.D., P. C., and Mary T. Godesky, M.D., to preclude him from offering proof of his physical condition at the trial unless he discloses the identity of the physician who examined him on February 7, 1991.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff was examined by a doctor on February 7, 1991, in connection with the instant medical malpractice action, and subsequently served a copy of this doctor's report on the defendants. However, the name and address of the doctor were redacted based on the plaintiff's claim that the doctor was his medical expert who would testify at the trial. The respondents moved to preclude the plaintiff from offering evidence of his physical condition unless an unredacted copy of the report was served upon them. The court granted the respondents' motion. We reverse.

The plaintiff does not dispute that he was required pursuant to CPLR 3121 (b) to serve a copy of the report on the respondents, even though it was prepared by his medical expert *(see, Hoenig v Westphal,* 52 NY2d 605; *Ciriello v Virgues,* 156 AD2d

417; *Pierson v Yourish,* 122 AD2d 202). However, the plaintiff contends that pursuant to CPLR 3101 (d) (1) (i) he was entitled to withhold the identity of the doctor. CPLR 3101 (d) (1) (i), which governs the disclosure of information from expert witnesses, includes a provision which permits a party to withhold the identity of a medical expert. This provision was enacted because of the concern that medical experts might be discouraged from testifying by their colleagues *(see, Jasopersaud v Rho,* 169 AD2d 184). Permitting a plaintiff to serve a copy of the report with his or her expert's name and address redacted is an appropriate accommodation of the competing purposes of broad disclosure under CPLR 3121 (b) and protection of the expert's identity under CPLR 3101 (d) (1) (i) *(cf., Jasopersaud v Rho, supra; Zuck v Sierp,* 169 AD2d 717; *Bonelli v New York Hosp.,* 144 Misc 2d 22; *Rubenstein v Columbia Presbyt. Med. Center,* 139 Misc 2d 349). Accordingly, the Supreme Court improperly granted the respondents' motion. Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.