OPINION OF THE COURT
Bernard F. McCaffrey, J.
The issue presented in this matter involves whether, pursuant to the provisions of CPLR 3101 (d) (1) (i), a plaintiff in a wrongful death medical malpractice action may, by designating a privately retained examining pathologist as his "expert”, insulate the examining physician’s name and address from disclosure.
Plaintiff commenced the within medical malpractice action with the service of a summons and complaint upon defendants on or about February 13, 1992. Issue was joined by movants, defendants David T. Zitner and North Shore Orthopedic Associates, P. C. with the service of a verified answer on or about March 10, 1992.
Shortly after decedent’s passing and prior to the retention of counsel, plaintiff authorized a private autopsy. Plaintiff’s counsel subsequently retained the pathologist as an expert and on or about March 19, 1992 served a copy of the autopsy report (and accompanying cover letter) upon defendants. Pursuant to CPLR 3101 (d) (1) (i) the name and address of the expert was, however, deleted.
Pursuant to a June 30, 1992 preliminary conference order plaintiff was deposed on September 23, 1992. During the course of the deposition plaintiff’s counsel refused to allow the witness to respond when asked for the name and address of the pathologist.
On October 8, 1992 defendants Zitner and North Shore Orthopedic Associates, P. C. served a notice to produce which, inter alla, requested this information. By letter dated October 13, 1992 plaintiff objected to the production of an unredacted copy of the report. This preclusion application followed. All defendants (except Charles and Sutro) have cross-moved in support.
With respect to the autopsy report, plaintiff asserts that it is well settled that CPLR 3101 (d) (1) (i) which governs the disclosure of expert witness information, does not require a *688 party in a medical malpractice action to identify its expert prior to trial.
It is uncontroverted that all of the moving parties have received plaintiffs response to their demand for expert information including the autopsy report with the pathologist’s name and address redacted. To require plaintiff to have to divulge the name of plaintiffs medical expert in order that defendants may learn the identity of the examining physician prior to trial would allegedly materially damage plaintiffs cause of action.
Further, plaintiff contends that the Second Department has held that permitting plaintiff to serve a copy of the report with his expert’s name redacted is an appropriate accommodation of the competing purposes of broad disclosure under CPLR 3121 (b) and the protection of the medical expert’s identity under CPLR 3101 (d) (1) (i).
Defendants’ request is premised upon: (a) their characterization of the pathologist as a material or fact witness as well as an expert witness; and (b) the inability of their experts to duplicate the examination (i.e., the autopsy).
In appropriate cases when material physical evidence inspected by one party’s expert is lost or destroyed, thereby precluding review by the other party’s expert, limited disclosure of the expert is permissible (Rosario v General Motors Corp., 148 AD2d 108 [1st Dept 1989]; Prasad v B.K. Chevrolet, 184 AD2d 626 [2d Dept 1992]; 232 Broadway Corp. v New York Prop. Ins. Underwriting Assn., 171 AD2d 861 [2d Dept 1991]). Not surprisingly, these "special circumstances” are rarely present in medical malpractice actions since the evidence to be examined — plaintiff himself (in whole or part) — is ordinarily available for inspection by defendant’s expert.
In wrongful death actions, however, this is obviously no longer the case. The Second Department’s recent determination in Wagner v Kingston Hosp. (182 AD2d 616 [2d Dept 1992]) relied upon by plaintiff may, therefore, be distinguished from the within action. If plaintiff were able to insulate his examining physician’s name from review merely by subsequently adopting he or she as his expert (CPLR 3101 [d] [1] [i]), defendants would be precluded from verifying the accuracy of the autopsy. CPLR 3101 (d) (1) (i) was intended to eliminate "the perceived problem of the exertion of direct or indirect pressure by some physicians to discourage their colleagues from giving expert testimony against them” (Rubinstein v *689 Columbia Presbyt. Med. Ctr., 139 Misc 2d 349, 352; Jasopersaud v Rho, 169 AD2d 184 [2d Dept 1991]) and not as a shield against the appropriate disclosure of plaintiffs examining physician and accompanying report. In short, at least in medical malpractice wrongful death cases, it is the opinion of this court that plaintiff’s simultaneous use of an examining physician as an expert takes him outside the intended scope of CPLR 3101 (d) (1) (i).
Accordingly, defendants’ respective applications to preclude are conditionally granted in the event plaintiff fails to disclose the name of his pathologist within 30 days of service upon him of a copy of this order.
Plaintiff may, of course, retain a new expert and have he or she rely upon the pathologist’s autopsy report.