■ LEONARD J. NAPIERSKI, Respondent-Appellant, v MARY C. FINN, Appellant-Respondent. [646 NYS2d 415] —Spain, J. (1) Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered May 25, 1995 in Albany County, which permitted plaintiff to submit an expert affidavit in opposition to defendant's motion for summary judgment, and (2) cross appeals from an order of said court, entered June 30, 1995 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint and granted defendant's motion to amend her answer.

Plaintiff was treated by defendant after sustaining an injury to the tendon of his left ring finger. In order to repair the injury, defendant recommended tendon transplant surgery whereby a tendon would be harvested from plaintiff's lower left leg and implanted in plaintiff's hand and finger. The surgery was performed on February 23, 1990. On March 18, 1990, plaintiff was involved in an automobile accident in which he suffered, inter alia, a serious head injury, allegedly affecting his speech, motor coordination and ability to walk. Plaintiff commenced a personal injury action against the operator of the motor vehicle and that action was subsequently settled.

In August 1992 plaintiff commenced the instant medical mal-

practice action alleging that defendant negligently damaged the common peroneal nerve of his lower left leg during the course of the tendon transplant operation. Thereafter, defendant moved for summary judgment on the ground that (1) no triable issue of fact exists, (2) the injuries claimed were not proximately caused by defendant, and (3) plaintiff has already obtained compensation for the injuries claimed. Defendant, in the alternative, moved for leave to amend her answer. Plaintiff opposed the motion claiming that defendant's proof, allegedly consisting of defendant's own "conclusory and self-serving" affidavit, was insufficient to entitle defendant to summary judgment. Plaintiff also objected to disclosure of his expert at this stage of the proceeding stating, as follows: "plaintiff is prepared to present an affidavit from his expert, a board certified plastic and reconstructive surgeon, if the Court finds that defendant may properly use the instant motion to obtain expert witness information which is otherwise not discoverable. Plaintiff requests leave to file this expert affidavit on such notice as the Court may direct."*

Supreme Court initially held that defendant's affidavit was sufficient on its face to shift the burden to plaintiff and further, granted plaintiff's request allowing plaintiff permission to file his expert's affidavit within 10 days and gave defendant 10 days to submit a response. Defendant has appealed from that order. In pursuance of the court's permission and direction, plaintiff submitted his expert's affidavit. Thereafter, Supreme Court denied defendant's motion for summary judgment finding significant issues of fact regarding plaintiff's care and treatment. Supreme Court then granted defendant's request for leave to amend her answer to assert a setoff for the compensation that plaintiff allegedly received in the automobile action for the same injuries being claimed here. Both plaintiff and defendant have appealed from that order.

We affirm both orders. Summary judgment is a drastic remedy and "should not be granted where there is any doubt as to the existence of a triable issue" (*Moskowitz v Garlock*, 23 AD2d 943, 944; *see, Munzer v St. Paul Fire & Mar. Ins. Co.*, 145 AD2d 193, 197). Although there is a generally acceptable procedure for plaintiff to protect the identity of his expert by redacting

---

* In medical malpractice cases, the identity of a party's expert is exempt from pretrial disclosure (*see*, CPLR 3101 [d] [1] [i]). This exemption addresses the perceived problem of the exertion of direct or indirect pressure by some physicians to discourage their colleagues from giving expert testimony against them (*see, Rubenstein v Columbia Presbyt. Med. Ctr.*, 139 Misc 2d 349, 352). The theory is that the earlier the disclosure, the easier it is to exert peer pressure (*see, supra*, at 352).

the name of his expert from the expert's affidavit and submitting an unredacted version to the trial court in camera (*see, Carrasquillo v Rosencrans*, 208 AD2d 488), we conclude that the Supreme Court's decision permitting plaintiff to deviate from the accepted practice does not constitute an abuse of its discretion. Granting plaintiff's unorthodox request to withhold his expert's affidavit unless necessary to meet his burden, under the circumstances of this case, was "an appropriate accommodation of the competing purposes of broad disclosure under CPLR 3121 (b) and protection of the expert's identity under CPLR 3101 (d) (1) (i)" (*Wagner v Kingston Hosp.*, 182 AD2d 616, 617). Furthermore, defendant has shown no true prejudice arising from the court's discretionary ruling. We further conclude that plaintiff's expert affidavit, when submitted, was sufficient to defeat defendant's motion for summary judgment (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327), especially since it set forth the specific factors in plaintiff's medical records which led to his conclusions (*see, Menzel v Plotnick*, 202 AD2d 558, 559; *Burt v Lenox Hill Hosp.*, 141 AD2d 378, 380).

Defendant, arguing that the second tortfeasor's actions (the driver of the automobile) should completely displace the damages of the first, asserts that plaintiff is seeking a double recovery for the same injuries. Defendant's contention is without merit. Where a plaintiff has been injured in two separate incidents by distinct tortfeasors, he or she has a cause of action against each for the damage caused by each (*see, Derby v Prewitt*, 12 NY2d 100, 106). The first of the successive tortfeasors can frequently be held liable for a subsequent injury if that subsequent injury is reasonably foreseeable (*see, Ravo v Rogatnick*, 70 NY2d 305, 310). The successive tortfeasor, however, is never liable for the original wrong and is only liable for the separate injury or the aggravation his or her conduct has caused (*see, supra*, at 310).

Finally, while the settlement of the automobile action does not prevent plaintiff from pursuing this claim against defendant, to prevent double recovery the amount of any verdict must be correctly apportioned (*see, Ravo v Rogatnick, supra*, at 312-313). Accordingly, Supreme Court did not abuse its discretion in granting defendant's motion to amend her answer to include a third affirmative defense seeking a setoff for the compensation that plaintiff allegedly received for the same injuries. Leave to amend pleadings are freely given absent prejudice or surprise resulting directly from the delay (*see, Mc-Caskey, Davies & Assocs. v New York City Health & Hosps.*

*Corp.,* 59 NY2d 755; *Ramundo v Town of Guilderland,* 108 AD2d 995). Inasmuch as it appears from plaintiff's bill of particulars in the automobile action that he made a claim for similar injuries, granting defendant's application has not caused plaintiff any undue prejudice or surprise.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the orders are affirmed, without costs.