■ ALICE A. RYAN, Appellant, v W. JOST MICHELSEN et al., Respondents. [660 NYS2d 435] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered February 22, 1996, which granted defendants' motion to preclude plaintiff from offering evidence of her physical condition at trial, and for related relief, insofar as to direct plaintiff to turn over complete reports of her examining physician pursuant to CPLR 3121 within 45 days, unanimously reversed, on the law, without costs, and defendants' motion denied.

Plaintiff commenced this medical malpractice action against defendants on September 26, 1994 for injuries sustained after she underwent emergency brain surgery. Plaintiff was examined by her own physician on July 20, 1995, and served the examining physician's report on defendants within 60 days. Plaintiff's Notice of Exchange of Medical Information identified the report as "Medical report of plaintiff's examining neurosurgeon dated July 20, 1995." Plaintiff redacted the name of the examining neurosurgeon from the report pursuant to CPLR 3101 (d). However, the notice did not indicate that the examining neurosurgeon would also serve as plaintiff's medical expert at trial, a fact subsequently revealed by the plaintiff.

Plaintiff moved for a preference on October 13, 1995, and defendants cross-moved for an order (1) striking plaintiff's complaint, (2) precluding plaintiff from introducing evidence of her physical condition based upon her wilful refusal to provide a complete (i.e. unredacted) report of her examining physician, and (3) striking plaintiff's Note of Issue and Certificate of Readiness on the ground that discovery was not complete. In response to the cross-motion, plaintiff's counsel averred that withholding the examining physician's name was authorized by CPLR 3101 (d) (1) (i) because the examining physician was also plaintiff's medical expert who would testify at trial as to liability. The IAS Court held that plaintiff waived the "limited protection" of CPLR 3101 (d) by "consolidating their expert witness and examining doctor."

Under CPLR 3101 (d) (1) (i), a party must identify each expert witness it expects to call at trial, and disclose the subject matter of his testimony, his qualifications and the grounds for his opinion. However, the same subparagraph also states that "[i]n an action for medical, dental or podiatric malpractice, a party, in responding to a request, may omit the names of [those] experts but shall be required to disclose all other information concerning such experts otherwise required by this paragraph." This exception for withholding the names of expert witnesses was enacted because of the concern that medical experts might be discouraged from testifying by their colleagues (see, Wagner v Kingston Hosp., 182 AD2d 616; Jasopersaud v Rho, 169 AD2d 184).

CPLR 3121 (b), relied on by defendants, states: "A copy of a detailed written report of the examining physician setting out his findings and conclusions shall be delivered by the party seeking the examination to any party requesting to exchange therefor a copy of each report in his control of an examination made with respect to the mental or physical condition in

controversy." Defendants argue that this provision necessarily requires disclosure of the examining physician's name as well as the substance of his report.

On appeal, plaintiff argues that the protection afforded the identity of expert witnesses in CPLR 3101 (d) was not lost merely because her expert witness was also her examining physician. We agree. The Appellate Division, Second Department, has held, under these exact facts, that a plaintiff is permitted to withhold the name of his expert witness under CPLR 3101 (d) (1) (i), notwithstanding the fact that the same physician was also the author of the clearly discoverable examining physician's report (*see, Wagner v Kingston Hosp., supra*). The *Wagner* Court stated: "Permitting a plaintiff to serve a copy of the report with his or her expert's name and address redacted is an appropriate accommodation of the competing purposes of broad disclosure under CPLR 3121 (b) and protection of the expert's identity under CPLR 3101 (d) (1) (i)" (*supra*, at 617; *see also, Napierski v Finn*, 229 AD2d 869; *Rivera v Interfaith Med. Ctr.*, 155 Misc 2d 157 [Sup Ct, Kings County]). We fully agree with the Second Department's reasoning, and add only that the instant defendants have failed to demonstrate any prejudice in receiving the full report with only the physician's name redacted.

*Hoenig v Westphal* (52 NY2d 605) and *Moreno v Greater N. Y. Dental Adm'rs* (120 AD2d 343), cited by defendants, are wholly inapplicable, as those cases merely held that a plaintiff may not prevent discovery of an examining physician's report under CPLR 3121 (b) by the simple expedient of not requesting an exchange of medical information in the first place.

This disposition precludes the use by plaintiff of any other expert witness at the trial on the issue of medical malpractice liability. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Mazzarelli, JJ.