OPINION OF THE COURT
Joseph C. Teresi, J.
Plaintiffs commenced both captioned actions seeking damages upon their claim that defendants were negligent, committed professional malpractice or violated statutory duties of care, by failing to timely inform, diagnose or care for Mr. Gosse’s liver cancer. Previously, on July 23, 2008, this court issued a decision and order in action No. 1 which set forth the factual background of this action. Such facts are not restated herein, but rather are incorporated by reference. In the decision and order, this court held that the portion of plaintiffs’ complaint sounding in malpractice against Dr. Clift, Albany Gastroenterology Consultants, PC., Eric S. Korenman, M.D. and Lee Ratner, M.D. was barred by the statute of limitations. Such decision did not reach the issue of whether plaintiffs’ complaint properly set forth a claim sounding in ordinary negligence.
Subsequent to this court’s decision and order, on October 13, 2008, Mr. Gosse passed away. Plaintiffs now move in action No. 1 to substitute the estate of Ronald Gosse for Mr. Gosse individually, which is unopposed by any defendant. As CPLR 1015 requires substitution of the proper party, upon the death of a party, the estate of Ronald Gosse is hereby substituted into action No. 1 for Ronald Gosse individually, and the caption of this action shall be amended accordingly.
*894 Additionally, since this court’s decision and order, plaintiffs have commenced action No. 2 wherein the action No. 1 defendants are again named and plaintiffs again make substantially the same factual allegations. Defendants Michael J. Esposito, The Endocrine Group, LLE^ Mark L. Fruiterman and Gregg F. Gerety (hereinafter collectively referred to as the Gerety defendants) and the Ratner defendants[3] all move to dismiss the action No. 2 complaint pursuant to CPLR 3211 (a) (4) and (5). Similarly, the Clift defendants move to consolidate action No. 2 with action No. 1. Plaintiffs oppose the Gerety and Ratner defendants’ motions, but support the Clift defendants’ motion to consolidate.
Defendants Eric S. Korenman and Lee Ratner (hereinafter collectively referred to as the Ratner defendants) and defendants Richard Clift and Albany Gastroenterology Consultants, EC. (hereinafter collectively referred to as the Clift defendants) also move for summary judgment in action No. 1, claiming that plaintiffs’ causes of action against them are time-barred because they sound wholly in medical malpractice and not in ordinary negligence. Plaintiffs oppose these motions.
Finally, plaintiffs have also moved to amend the complaint in action No. 1, after serving a first and second amended complaint without leave of court, to add claims sounding in corporate and common-law negligence against defendant St. Peter’s Hospital, conscious pain and suffering against each defendant, and for wrongful death. Plaintiffs’ motion is opposed by the Ratner and Clift defendants.
Motions to Dismiss Action No. 2 and Motion to Consolidate Action No. 2 with Action No. 1
CPLR 3211 (a) (4) states that “[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that. . . there is another action pending between the same parties for the same cause of action in a court of any state.” However, where two identical actions are pending, CPLR 3211 (a) (4) does not mandate dismissal, but rather *895 allows the court to “make such order as justice requires.” Moreover, CPLR 602 (a) states that “[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion, may order . . . the actions consolidated.” ‘ ‘ [C] onsolidation is favored by the courts as serving the interests of justice and judicial economy.” (Guasconi v Pohl, 2 AD3d 1202, 1203 [3d Dept 2003] [citations omitted].)
Here, action No. 2 names the exact same defendants as action No. 1. Action No. 2’s factual assertions are also the same as those made in action No. l’s second amended complaint, except for the assertions set forth in action No. 2’s fifth cause of action. Action No. 2’s fifth cause of action, however, sets forth only the statutory duties of defendant St. Peter’s Hospital, and alleges a breach thereof. St. Peter’s Hospital has not opposed either motion, nor have any parties opposed the Clift defendants’ motion to consolidate. The Gerety and Ratner defendants, however, move to dismiss action No. 2 rather than consolidate it with action No. 1. Because discovery is still ongoing, no claim of prejudice has been made, nor any objection entered to the consolidation motion, and in the interest of judicial economy action No. 1 and action No. 2 are consolidated for all purposes.
Accordingly, the Gerety and Ratner defendants’ motions to dismiss, brought pursuant to CPLR 3211 (a) (4) and (5), are denied as moot, and the Clift defendants’ motion to consolidate is granted. The complaint underlying this consolidated action shall be action No. l’s amended complaint, dated January 9, 2009, except for that portion of the amended complaint addressed and dismissed below.
Motion for Summary Judgment of the Clift and Ratner Defendants
“Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue.” (Napierski v Finn, 229 AD2d 869, 870 [3d Dept 1996] [internal quotation marks omitted].)
On a motion for summary judgment, the movant must establish by admissible proof, the right to judgment as a matter of law. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) A movant fails to meet his or burden by “pointing to gaps in . . . proof,” rather the movant’s obligation on the motion is an affirmative one. (Antonucci v Emeco Indus., 223 AD2d 913, 914 [3d Dept 1996].) If the movant establishes his or her right to judgment as a matter of law, the burden then shifts to the opponent of the *896 motion to establish by admissible proof, the existence of genuine issues of fact. (Zuckerman v City of New York, 49 NY2d 557 [1980].) In opposing a motion for summary judgment, one must produce “evidentiary proof in admissible form . . . ; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient.” (Id. at 562.)
The Clift and Ratner defendants’ motions for summary judgment are set against the background of this court’s prior decision and order. Such decision, as noted above, dismissed all of plaintiffs’ claims against the Clift and Ratner defendants sounding in medical malpractice. In action No. 2 plaintiffs realleged identical medical malpractice claims as those previously dismissed. Because the parties have already had a full and fair opportunity to challenge the dismissal, plaintiffs’ action No. 2 medical malpractice claims against the Clift and Ratner defendants are collaterally estopped and dismissed. (Marotta v Hoy, 55 AD3d 1194, 1196 [3d Dept 2008].) Likewise, the “law of the case” doctrine bars plaintiffs from amending their complaint in action No. 1 to reallege and revive their medical malpractice claims against the Clift and Ratner defendants. (Oakes v Muka, 56 AD3d 1057 [3d Dept 2008]; Matter of LTI, Inc. [Commissioner of Labor], 57 AD3d 1067 [3d Dept 2008].)
The issue now squarely before the court on these motions is whether the Clift and Ratner defendants have demonstrated, as a matter of law, that the plaintiffs’ complaint does not sound in ordinary negligence but rather only in medical malpractice. As both action No. 1 and action No. 2 were commenced within three years of Mr. Gosse’s initial “worrisome” liver finding, if such action sounds in ordinary negligence the statute of limitations will not bar plaintiffs’ ordinary negligence claims. (CPLR 214.) However, if no ordinary negligence claim is set forth, plaintiffs’ action against the Clift and Ratner defendants will be time-barred as sounding only in medical malpractice, as previously set forth in this court’s decision and order.
The distinction between negligence and medical malpractice “is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two.” (Weiner v Lenox Hill Hosp., 88 NY2d 784, 787 [1996] [internal quotation marks omitted], quoting Scott v Uljanov, 74 NY2d 673, 674 [1989].) The Court of Appeals, in examining this question, has drawn a fine line in finding that “when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the hospital’s failure in fulfilling a differ *897 ent duty, the claim sounds in negligence.” Weiner at 788, quoting Bleiler v Bodnar, 65 NY2d 65, 73 [1985].) The court’s focus is on the duty owed, in relation to the acts alleged, to determine whether a claim sounds in medical malpractice or ordinary negligence. (See generally Weiner, supra; Bleiler, supra.) “[T]he determination turns on the facts of each situation.” (Lomonaco v United Health Servs. Hasps., Inc., 16 AD3d 958, 960 [3d Dept 2005].)
In support of their motion, the Clift defendants set forth the affidavit of Dr. Clift along with Mr. Gosse’s hospital records. Dr. Clift’s affidavit establishes that he examined and consulted with Mr. Gosse on both September 4 and 6, 2005. He acknowledges reviewing the ultrasound report of Dr. Korenman, of September 4, 2005, which specifically finds a “suggestion of a liver mass” and states that “[m]alignancy cannot be excluded.” Dr. Clift does not allege that he had not reviewed the Korenman ultrasound findings prior to his September 6, 2005 meeting with Mr. Gosse. Moreover, conspicuously absent from Dr. Clift’s affidavit is any allegation that he told Mr. Gosse of the Dr. Korenman ultrasound findings on September 6, 2005.
Due to the above omissions, the Clift defendants have failed to demonstrate their entitlement to judgment as a matter of law. These omissions leave a gap in the Clift defendants’ proof, whereby Dr. Clift has knowledge of a “suggestion” of cancer, and that “[mjalignancy” could not be excluded. No medical skill, competence or judgment was necessary for Dr. Clift to recognize its significance or to relay such information. The negligent act alleged, of failing to relay important medical information already ascertained, requires no special medical knowledge or skill. Within the framework of treatment being provided, a duty, sounding in ordinary negligence, to relay such important medical information is implied. “When a risk of harm has been identified through the exercise of medical judgment, a failure to follow through by taking measures to prevent the harm may constitute actionable ordinary negligence.” (Matter of Caracci v State of New York, 178 AD2d 876, 877 [3d Dept 1991].)
Accordingly, because the Clift defendants failed to demonstrate their entitlement to judgment as a matter of law, their motion for summary judgment is denied.
Turning to the Ratner defendants’ motion for summary judgment, neither Dr. Ratner nor Dr. Korenman demonstrated their entitlement to judgment as a matter of law.
Dr. Ratner does not support his motion with an affidavit, but rather relies solely upon Mr. Gosse’s medical records. Mr. *898 Gosse’s medical records demonstrate that Dr. Korenman conducted an ultrasound of Mr. Gosse on September 4, 2005 and recommended a “CT” scan be performed. The report specifically notes that Mr. Gosse’s primary and treating physician (Dr. Gerety) received a copy. Also, in accord with the ultrasound recommendation, Dr. Ratner subsequently performed a “CT” scan on September 6, 2005, and the St. Peter’s Hospital records refer to the ultrasound findings. From the above, it is reasonable to infer that Dr. Korenman, after conducting his ultrasound of Mr. Gosse, transmitted his ultrasound report to St. Peter’s Hospital and to Mr. Gosse’s treating physicians. The record is silent, however, as to the communications Dr. Korenman had with Mr. Gosse himself. After using his medical judgment and skill in finding a “suggestion of a liver mass” and that “[mjalignancy cannot be excluded,” Dr. Korenman then had the subsequent duty to inform. Such duty is wholly subsequent to Dr. Korenman’s “exercis[ing] medical judgment,” and his duty to inform sounds only in ordinary negligence. For, as is set forth above, there is no specialized medical skill or judgment necessary to relay this important medical information. While Dr. Korenman demonstrated that he informed other medical professionals treating Mr. Gosse, he has not demonstrated that he informed Mr. Gosse himself. Nor did he properly demonstrate that the relationship between he and Mr. Gosse did not require his providing such information directly to him. Accordingly, Dr. Korenman’s motion for summary judgment is denied.
Likewise, Dr. Ratner has also failed to demonstrate his entitlement to judgment as a matter of law. Dr. Ratner does not support his motion with an affidavit, but like Dr. Korenman relies solely upon Mr. Gosse’s medical records and his attorney’s affidavit. The medical records demonstrate that Dr. Ratner conducted a “CT” scan of Mr. Gosse on September 6, 2005, and found a region that was “worrisome for a focal liver lesion.” The report indicates that the “CT” scan was conducted on September 6, 2005, that it was interpreted by Dr. Ratner, and that Dr. Ratner’s report was transcribed on September 9, 2005 and approved by him later that same day. The “CT” scan was performed on Mr. Gosse while he was still an inpatient at St. Peter’s Hospital, however, Dr. Ratner’s report was not finalized until after Mr. Gosse was discharged. The report indicates that Mr. Gosse’s primary physician was Dr. Gerety, however, it does not specifically indicate that it was forwarded to him. Nor is *899 any fact-based affidavit submitted to establish such correspondence. While the records of Dr. Gerety’s medical practice, The Endocrine Group, LLR contained the “CT” scan report, there is no clear indication as to when Dr. Gerety’s group received it. The record demonstrates, by omission, that Dr. Ratner never related his findings to Mr. Gosse himself. Moreover, this record does not demonstrate, as a matter of law, that Dr. Ratner had no obligation to impart his “worrisome for a focal liver lesion” finding to Mr. Gosse himself. Dr. Ratner’s duty to inform Mr. Gosse arose after he exercised his medical judgment in determining the existence of important medical information. Once Dr. Ratner knew of the important medical information, a separate distinct duty, sounding in ordinary negligence, arose. No specialized medical skill or judgment was necessary to relay such information. On this record, Dr. Ratner failed to demonstrate, as a matter of law, that he relayed all necessary information to Mr. Gosse and his treating physician. Accordingly, Dr. Ratner’s motion for summary judgment is denied.
The Clift and Ratner defendants also moved for summary judgment dismissing plaintiffs’ cause of action sounding in “lack of informed consent” (plaintiffs’ third cause of action). As the Clift and Ratner defendants have demonstrated their entitlement to judgment as a matter of law on this portion of their motions, they are granted.
A cause of action claiming lack of informed consent requires, in part, a showing “that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances.” (Foote v Rajadhyax, 268 AD2d 745, 745 [3d Dept 2000].) Such element of a lack of informed consent cause of action necessarily “bears a substantial relationship to the rendition of medical treatment by a licensed physician” ('Weiner at 788, quoting Bleiler at 72). Thus, the informed consent cause of action is properly designated as one sounding in medical malpractice, not ordinary negligence. As this court has previously dismissed all medical malpractice causes of action against the Clift and Ratner defendants, the plaintiffs’ lack of informed consent claim was thereby dismissed.
Moreover, the plaintiffs have failed to demonstrate the existence of an issue of fact relative to their lack of informed consent cause of action, requiring a trial. Plaintiffs submit, by their un *900 supported attorney’s affidavit, that the Clift and Ratner defendants have violated a statutory duty of care owed by hospitals and employees of hospitals. Plaintiffs failed to demonstrate however, that either the Clift or Ratner defendants were included within the scope of such statutory duty.
Accordingly, the Clift and Ratner defendants’ motions for summary judgment of plaintiffs’ lack of informed consent cause of action are dismissed.
Motion to Amend the Complaint in Action No. 1
“Provided that there is no prejudice to the nonmoving party and the amendment is not plainly lacking in merit, leave to amend pleadings under CPLR 3025 (b) should be freely granted.” (Smith v Haggerty, 16 AD3d 967, 967-968 [3d Dept 2005].) Moreover, as is directly applicable here, “[w]here a plaintiff seeks to amend a complaint alleging medical malpractice to add a cause of action for wrongful death, such motion must be accompanied by competent medical proof showing a causal connection between the alleged negligence and the decedent’s death” (id. at 968 [internal quotation marks omitted]).
Plaintiffs’ proposed “wrongful death” cause of action amendment is supported by competent medical proof. Mr. Gosse’s death certificate is annexed to plaintiffs’ moving papers. It sets forth his cause of death as “cholangiocarcinoma,” a cancer closely related to what is commonly referred to as liver cancer. Plaintiffs’ initial complaint alleges that the defendants failed to warn, diagnose or care for his liver cancer, and this “wrongful death” amendment is the logical medical progression of plaintiffs’ complaint. Moreover, no contradictory proof is submitted, which demonstrates that the “wrongful death” cause of action is not supported by competent proof.
Nor do defendants suffer any undue prejudice by the proposed amendment. Discovery is still ongoing, and each defendant will have a full opportunity to conduct all phases of discovery relative to plaintiffs’ new claims.
Lastly, the proposed amendment is not plainly lacking in merit, except for those portions of plaintiffs’ amended complaint previously dismissed as time-barred medical malpractice claims. As set forth above, plaintiffs have set forth viable causes of action against the Clift and Ratner defendants in their amended complaint, which sound in ordinary negligence. Of course, plaintiffs’ amended complaint may not revive their previously *901 dismissed causes of action sounding in medical malpractice. However, plaintiffs’ motion to amend their complaint to include claims sounding in ordinary negligence is granted.
Accordingly, plaintiffs’ action No. 1 amended complaint, dated January 9, 2009, shall be served upon the defendants within 20 days of the date of this order.
The parties’ remaining contentions, not specifically addressed above, have been examined and found to be lacking in merit.

. Although the Ratner defendants’ notice of motion inscribes the index number of action No. 1, the substance of the motion seeks to dismiss action No. 2 and the affidavit attached thereto states the index number for action No. 2. Accordingly, the Ratner defendants’ motion, dated September 19, 2008, will be considered as seeking to dismiss action No. 2.