Losak v St. James Rehabilitation & Healthcare Ctr. (2021 NY Slip Op 05961)





Losak v St. James Rehabilitation & Healthcare Ctr.


2021 NY Slip Op 05961


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2018-04997
 (Index No. 64528/14)

[*1]Vira Ellen Losak, etc., respondent, 
v
St. James Rehabilitation & Healthcare Center, appellant.


Sheeley, LLP, New York, NY (Daniel J. Slomnicki of counsel), for appellant.
Krentsel Guzman & Herbert, LLP, New York, NY (Marcia Raicus of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and medical malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 11, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged a failure to provide the plaintiff's decedent with a bed alarm.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged a failure to provide the plaintiff's decedent with a bed alarm is granted.
The plaintiff's decedent was admitted to the defendant rehabilitation center, St. James Rehabilitation & Healthcare Center (hereinafter St. James), for short-term rehabilitation at age 85, after having a pacemaker implanted. While there, he was transferred to a hospital for another procedure and then transferred back to St. James. One day after returning to St. James, the decedent fell while walking back to his bed from the bathroom, unattended. He was hospitalized for the injuries he sustained in the fall, and ultimately died in the hospital. The plaintiff subsequently commenced this action, inter alia, to recover damages for negligence and medical malpractice. Following the completion of discovery, St. James moved, inter alia, for summary judgment dismissing the complaint. In an order dated January 11, 2018, the Supreme Court, among other things, denied that branch of St. James' motion which was for summary judgment dismissing so much of the complaint as alleged a failure to provide the decedent with a bed alarm, which the court found sounded in ordinary negligence and should be resolved by a jury. St. James appeals, and we reverse insofar as appealed from.
The essence of the allegation that St. James improperly failed to provide the decedent with a bed alarm which would have prevented his fall is that it improperly assessed his condition and the degree of supervision necessary to prevent him from falling, which sounds in medical malpractice (see Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1340; Santana v St. Vincent Catholic Med. Ctr. of N.Y., 65 AD3d 1119, 1120; Caso v St. Francis Hosp., 34 AD3d 714, 715; Fox v White Plains Med. Ctr., 125 AD2d 538). Thus, with respect to this allegation, St. James bore the initial burden of establishing either that there was no departure from good and accepted medical [*2]practice or that any departure was not a proximate cause of the decedent's injuries (see Pirri-Logan v Pearl, 192 AD3d 1149, 1150).
In response to St. James' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact by submitting an expert opinion that specifically addressed the defense expert's assertions (see March v City of New York, 191 AD3d 973). Accordingly, the Supreme Court should have granted that branch of St. James' motion which was for summary judgment dismissing so much of the complaint as alleged a failure to provide the decedent with a bed alarm.
The plaintiff's contentions concerning St. James' alleged failure to provide the decedent with a call bell, raised for the first time on appeal, are not properly before this Court.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court