## Jones v Penn Cent. Corp.

2024 NY Slip Op 30366(U)

February 1, 2024

Supreme Court, New York County

Docket Number: Index No. 154342/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**

*Justice*

|  |  |
|---|---|
| PART | 04 |

--------------------------------------------------------------------------X

JAMES V JONES,

Plaintiff,

- v -

THE PENN CENTRAL CORPORATION A/K/A AMERICAN PREMIER UNDERWRITERS, INC., CONSOLIDATED RAIL CORPORATION, METRO-NORTH RAILROAD,

Defendants.

--------------------------------------------------------------------------X

| INDEX NO. | 154342/2023 |
|---|---|
| MOTION DATE | 06/07/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 19 were read on this motion for                                    SUBSTITUTION                          .

In this negligence action brought under the Federal Employers' Liability Act, 45 USC §51 et seq., alleging, in sum and substance, that defendants were negligent in exposing employees, including plaintiff James V. Jones, to cancer-causing chemicals and materials, plaintiff Geraldine Herlihy, as representative of the estate of James V. Jones, now moves, pursuant to CPLR §§1015 and 1021, to vacate the automatic stay of proceedings imposed by operation of law upon Mr. Jones' death and be substituted as plaintiff in his place. Herlihy also moves, pursuant to CPLR §305(c) and CPLR §203(e), for an order granting plaintiff leave to amend the complaint to add a claim for wrongful death and deem this claim timely filed.

<b>DISCUSSION</b>

It is well settled that, where an administrator or executor is appointed as representative of the estate of a decedent who was the party to a pending action, substitution and amendment of the caption, upon motion, is proper (See e.g., Tag 380, LLC v Estate of Howard P. Ronson, 69 AD3d

**154342/2023   JONES, JAMES V vs. THE PENN CENTRAL CORPORATION A/K/A AMERICAN PREMIER UNDERWRITERS, INC. ET AL**
**Motion No.  001**

**Page 1 of 4**

1 of 4

471, 473-474 [1st Dept 2010]). In this case, movant has submitted sufficient proof that she is the duly appointed executor of the decedent's estate (i.e., the Last Will and Testament and Death Certificate of decedent and New Jersey Monmouth County Surrogate's Court Executor Short Certificate). Accordingly, that branch of the motion to vacate the stay of this action, substitute movant for plaintiff James V. Jones, and amend the caption to reflect this substitution is granted without opposition.

However, that branch of the motion to amend the complaint to add a wrongful death claim is denied without prejudice. Generally, "[o]n a motion for leave to amend a pleading, movant need not establish the merit of the proposed new allegations, but must simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (Miller v Cohen, 93 A.D.3d 424, 425 [1st Dept 2012] [internal quotation marks omitted]). However, "[a] motion seeking leave to amend a personal injury complaint to assert a cause of action for wrongful death must be supported by competent medical proof of the causal connection between the alleged [negligence] and the death of the original plaintiff" (Cruz v Brown, 129 AD3d 455, 456 [1st Dept 2015] [internal citations omitted]; see also Griffin v New York City Auth., 1 AD3d 141, 142 [1st Dept 2003]). Here, no expert affidavit or other competent medical proof has been submitted.

While a decedent's death certificate may, under certain circumstances, be sufficient to establish a causal connection (See e.g., Gosse v St. Peter's Hosp. of City of Albany, 23 Misc 3d 892, 900 [Sup Ct, Albany County 2009]) it is insufficient to do so here—the proposed amended complaint alleges that as a proximate result of defendants' negligence, the decedent sustained injuries including bladder cancer and lymphoma, resulting in his eventual death (NYSCEF Doc. No. 24 [Proposed Am. Compl. at ¶86]) while the death certificate lists the cause of death as cardiopulmonary arrest due to (or as a consequence of) congestive heart failure.

**154342/2023   JONES, JAMES V vs. THE PENN CENTRAL CORPORATION A/K/A AMERICAN**                     **Page 2 of 4**
**PREMIER UNDERWRITERS, INC. ET AL**
**Motion No.  001**

2 of 4

[* 2]

Accordingly, it is

**ORDERED** that the motion of Geraldine Herlihy, as executor of the estate of James V. Jones, deceased, to be substituted as plaintiff in this action and amend the caption accordingly is granted, without opposition; and it is further,

**ORDERED** that the automatic stay of proceedings imposed by operation of law upon the decedent's death is dissolved; and it is further

**ORDERED** that the caption is amended to read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------------X
GERALDINE HERLIHY, Executrix for the
Estate of JAMES V. JONES,

                   Plaintiff,                   Index No. 154342/2023

         -against-

THE PENN CENTRAL CORPORATION a/k/a
 AMERICAN PREMIER UNDERWRITERS, INC.,
 CONSOLIDATED RAIL CORPORATION and
 METRO-NORTH RAILROAD,

                   Defendants.
------------------------------------------------------------------------------X

and it is further

**ORDERED** that the branch of plaintiff's motion for leave to amend the complaint to add a cause of action for wrongful death is denied without prejudice; and it is further

**ORDERED** that movant shall, within twenty days of the date of this decision and order, serve a copy of this decision and order, with notice of entry, upon the County Clerk and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**ORDERED** that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse*

**154342/2023   JONES, JAMES V vs. THE PENN CENTRAL CORPORATION A/K/A AMERICAN**       **Page 3 of 4**
**PREMIER UNDERWRITERS, INC. ET AL**
**Motion No. 001**

3 of 4

*and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the Court.

| | | | | |
|---|---|---|---|---|
| **2/1/2024** | | | **HON. JUDY H. KIM, J.S.C.** | |
| **DATE** | | | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

154342/2023   JONES, JAMES V vs. THE PENN CENTRAL CORPORATION A/K/A AMERICAN PREMIER UNDERWRITERS, INC. ET AL
Motion No.  001

Page 4 of 4

4 of 4