Butler v Wyckoff Hgts. Med. Ctr. (2024 NY Slip Op 06181)

Butler v Wyckoff Hgts. Med. Ctr.

2024 NY Slip Op 06181

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-06095
2023-02851
 (Index No. 505666/20)

[*1]Eddie Butler, respondent, 
v
Wyckoff Heights Medical Center, appellant.

Arshack, Hajek & Lehrman PLLC (Mauro Lilling Naparty LLP, Woodbury, NY [Katherine Herr Solomon and Seth M. Weinberg], of counsel), for appellant.
The Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated June 28, 2022, and (2) an order of the same court dated February 22, 2023. The order dated June 28, 2022, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss so much of the complaint as alleged negligence as time-barred. The order dated February 22, 2023, insofar as appealed from, denied that branch of the defendant's motion which was for leave to reargue that branch of its prior motion which was pursuant to CPLR 3211(a)(5) to dismiss so much of the complaint as alleged negligence as time-barred.
ORDERED that the appeal from the order dated February 22, 2023, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated June 28, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2017, the plaintiff, a 71-year-old patient at the defendant, allegedly was injured when he fell in a bathroom while unattended. The plaintiff subsequently commenced this action against the defendant. In the complaint, as well as the bill of particulars, the plaintiff asserted various allegations, which were characterized as ones sounding in negligence. As he would later acknowledge, some of the allegations sounded in medical malpractice.
The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint, arguing that all of the plaintiff's allegations sounded in medical malpractice and were barred by the 2½-year statute of limitations governing medical malpractice actions (see id. § 214-a). The plaintiff opposed the motion and argued, among other things, that the complaint sounded in ordinary negligence and, therefore, was not time-barred by the 2½-year statute of limitations for medical malpractice actions. In an order dated June 28, 2022, as modified by an order dated February 22, 2023, the Supreme [*2]Court denied that branch of the defendant's motion which was to dismiss so much of the complaint as alleged negligence and, in effect, granted that branch of the defendant's motion which was to dismiss so much of the complaint as alleged medical malpractice. The defendant appeals.
"[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two" (Weiner v Lenox Hill Hosp., 88 NY2d 784, 787 [internal quotation marks omitted]; see Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 92). "In distinguishing whether conduct should be deemed medical malpractice or ordinary negligence, the critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 92-93; see Papa v Brunswick Gen. Hosp., 132 AD2d 601, 603). In other words, "[t]he distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (Wesolowski v St. Francis Hosp., 175 AD3d 1461, 1462 [internal quotation marks omitted]).
"When the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the failure to fulfill a different duty, the claim sounds in ordinary negligence" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93; see Weiner v Lenox Hill Hosp., 88 NY2d at 788). "Thus, an action sounds in ordinary negligence when jurors can utilize their common everyday experiences to determine the allegations of a lack of due care" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93; see Reardon v Presbyterian Hosp. in City of N.Y., 292 AD2d 235, 237).
"In contrast, an action sounds in medical malpractice where the determination involves a consideration of professional skill and judgment" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93; see Weiner v Lenox Hill Hosp., 88 NY2d at 788). Medical malpractice is "[a] negligent act or omission by a health care provider that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician to a particular patient" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93).
Here, the defendant correctly contends that the allegations that, in essence, alleged that the plaintiff should have been assessed a higher fall risk were allegations of medical malpractice and were therefore time-barred (see CPLR 214-a; Snow v Gotham Staffing, LLC, 227 AD3d 1029; Losak v St. James Rehabilitation & Healthcare Ctr., 199 AD3d 671; Pacio v Franklin Hosp., 63 AD3d 1130, 1132). However, the remaining allegations of ordinary negligence based on the plaintiff's fall were timely asserted (see CPLR 214[5]).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court